Robert M. Aronson (CA Bar No. 81487)
LAW OFFICE OF ROBERT M. ARONSON, APC
444 S. Flower Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 688-8945
Fax: (213) 688-8948
Email: robert@aronsonlawgroup.com

[Proposed] Special Counsel for Chapter 7 Trustee Sam Leslie

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARDIROS HAIG MIHRANIAN,<br><br>Debtor.<br><br>SAM LESLIE,<br><br>Plaintiff,<br><br>vs.<br><br>TAKOUHIE BARTAMIAN,<br><br>Defendant | CASE NO. 2:13-bk-39026-BR<br><br>Chapter 7<br><br>ADVERSARY NO. [To be Assigned]<br><br>**COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF FRAUDULENT TRANSFER UNDER 11 U.S.C. §§ 544;**<br>**(2) AVOIDANCE OF FRAUDULENT TRANSFER UNDER 11 U.S.C. §§ 548;**<br>**(3) RECOVERY OF AVOIDED;**<br>**TRANSFERS UNDER 11 U.S.C. §§ 550 AND 551;**<br>**(4) ACCOUNTING: AND**<br>**(5) DISALLOWANCE OF CLAIM**<br><br>DATE:<br>TIME: [To Be Set by Summons]<br>PLACE: |

### JURISDICTION

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. sections 157 and1324 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California entitled *In Re Mardiros Haig Mihranian,* Case No. 2:13-bk-39026-BR.

2. Plaintiff as the Chapter 7 Trustee has standing to bring this action pursuant to 11 U.S.C. § 323.

3. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2) and 1334 and this Court has the constitutional authority to enter a final judgment on these claims. To the extent any claim for relief contained herein is determined not to be a core proceeding Plaintiff consents to the entry of final judgment and orders by the Bankruptcy Court.

4. Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United States Code as provided in 28 U.S.C. sections 1408 and 1409.

## PARTIES

5. Plaintiff Sam Leslie (hereafter "Plaintiff" or "Trustee") is the Chapter 7 Trustee for Mardiros Haig Mihranian, debtor in the above captioned case ("Debtor").

6. Plaintiff alleges that at all relevant times Defendant Takhouie Bartamian ("Defendant") was and is an individual residing in the County of Los Angeles, California.

## GENERAL ALLEGATIONS

7. The Debtor filed this case on December 9, 2013 ("Petition Date").

8. Pursuant to Schedule B and the Statement of Affairs filed by the Debtor, the Debtor is the 100% owner of Medical Clinic & Surgical Specialties of Glendale, Inc. ("MCSSG").

9. The Defendant has been employed either by the Debtor or MCSSG since at least 1998.

10. The Debtor's interest in the sum of at least $1,747,376.00 was transferred to the Defendant in the four (4) years prior to the Petition Date (the "544 Transfers").

11. The Debtor received no consideration, or did not receive reasonably equivalent value, from Defendant for the 544 Transfers.

1

**FIRST CLAIM FOR RELIEF**

Avoidance and Recovery of Transfers As Against Defendant

[11 U.S.C. Section 544]

12. Plaintiff realleges the allegations at paragraphs 1 through 11 as if fully set forth herein.

13. Pursuant to 11 U.S.C. § 544, Plaintiff acquired the rights of an existing unsecured creditor or a secured creditor under the California Uniform Fraudulent Transfer Act (Cal. Civ. Code §§ 3439 – 3439.12)( the"Act").

14. The limitations period for bringing a claim under the Act is four (4) years from the date of any transfer.

15. Plaintiff may avail himself under 11 U.S.C. § 544 of the Act to avoid the fraudulent 544 Transfers of the Debtor's interest in property to Defendant.

16. The 544 Transfers by the Debtor to the Defendant were made at a time when the Debtor was insolvent, or the 544 Transfers rendered the Debtor insolvent.

17. The 544 Transfers by the Debtor to Defendant were made with actual intent to hinder, delay or defraud a creditor or creditors of the Debtor.

18. In the alternative, the 544 Transfers by the Debtor were made without receiving a reasonably equivalent value in exchange for such 544 Transfers and (a) the Debtor was engaged in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or (b) the Debtor intended to incur or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

**SECOND CLAIM FOR RELIEF**

Avoidance and Recovery of Transfers

[11 U.S.C. §548]

19. Plaintiff realleges the allegations at paragraphs 1 through 18 as if fully set forth herein.

20. Transfers were made to the Defendant in the approximate amount of at least $873,688 within the two (2) years prior to the Petition Date (the "548 Transfers").

21. The 548 Transfers to Defendant were made with actual intent to hinder, delay or defraud a creditor or creditors of the Debtor.

22. In the alternative, the 548 Transfers by the Debtor to Defendant were made without receiving a reasonably equivalent value in exchange for such 548 Transfers and (a) the Debtor was engaged in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or (b) the Debtor intended to incur or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due

23. The Debtor was insolvent on the dates that such 548 Transfers were made, or became insolvent as a result of such 548 Transfers.

24. Based on the foregoing, the 548 Transfers to Defendant made by the Debtor within the past two (2) years were fraudulent transfers under 11 U.S.C. § 548.

### THIRD CLAIM FOR RELIEF

For Recovery of Avoided Transfers

[11 U.S.C. §§ 550 & 551]

25. Plaintiff realleges the allegations at paragraphs 1 through 24 as though fully set forth herein.

26. Pursuant to 11 U.S.C. § 550 (a), any transfers avoided under Sections 544 and 548 of the Bankruptcy Code are recoverable by the Trustee.

3

27. Based on the allegations contained in this Complaint, Plaintiff is entitled to recovery of transfers made to Defendant in accordance with 11 U.S.C. §§ 544 and 548.

28. Accordingly, Plaintiff is entitled to a recovery of all such avoided transfers under Sections 550 and 551 of the Bankruptcy Code.

### FOURTH CLAIM FOR RELIEF

Accounting

29. Plaintiff realleges and incorporates the allegations contained at paragraphs 1 through 28 as though fully set forth herein.

30. Based on the foregoing, Defendant's conduct in obtaining any of the transfers referenced herein was fraudulent, and done with willful and malicious intent.

31. In furtherance of this fraudulent conduct, Defendant has at all times failed and refused to provide credits for payments made by the Debtor or to ascertain charges made by Defendant, and to otherwise provide an accounting of any amounts purportedly due to Defendant.

32. Based on the foregoing, there is an unknown amount due by the Debtor to Defendant.

33. The amount, if any, due by the Debtor to Defendant cannot be ascertained without an accounting by Defendant for same.

### FIFTH CLAIM FOR RELIEF

Disallowance of Claim

34. Plaintiff realleges and incorporates the allegations contained at paragraphs 1 through 33 as though fully set forth herein.

35. Although Defendant has not yet filed a proof of claim, and the bar date for doing so has passed, Plaintiff requests that any proof of claim which may be filed by the Defendant in the future be denied in its entirety.

4

# PRAYER

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. As to the First Claim for Relief, for a judgment against Defendant that the 544 Transfers by the Debtor to Defendant are avoidable under 11 U.S.C. § 544 in the amount of at least $1,747,376.00, or for such other and further amount as may be proven at trial;

2. As to the Second Claim for Relief, for a judgment that the 548 Transfers by the Debtor to Defendant are avoidable under 11 U.S.C. § 548 in the amount of at least $873,688.00, or for such other and further amount as may be proven at trial;

3. As to the Third Claim for Relief, for a judgment for recovery under 11 U.S.C. §§550 and 551 as to all transfers avoided under 11 U.S.C. §§ 544 and 548;

4. As to the Fourth Claim for Relief, for an accounting of all amounts transferred to the Defendant in the past four (4) years;

5. As to the Fifth Claim for Relief, that any claim filed by Defendant be denied in its entirety;

6. As to all Claims for Relief, for costs of suit incurred herein, including, without limitation, attorneys' fees; and

7. As to all Claims for Relief, for such other and further relief as the Court deems just and proper.

DATE:   December 8, 2015            **LAW OFFICE OF ROBERT M. ARONSON**

By:/s/  Robert M. Aronson
Robert M. Aronson [Proposed]
Special Counsel for Chapter 7 Trustee Sam Leslie